IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION<br>1536 Wynkoop, Suite B501<br>Denver, Colorado 80202,<br><br>JEREMY NICHOLS<br>1536 Wynkoop, Suite B501<br>Denver, Colorado 80202,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEPHEN L. JOHNSON, in his official<br>Capacity as Administrator, United States<br>Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I.     INTRODUCTION**

1.

Plaintiffs Rocky Mountain Clean Air Action ("Clean Air Action") and Jeremy Nichols challenge the failure of Defendant Stephen L. Johnson, in his official capacity as Administrator of the Environmental Protection Agency ("EPA"), to perform his non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to

meet this deadline with respect to a petition filed by Plaintiffs seeking EPA's objection to a Clean Air Act operating permit that the Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") issued to the Denver Regional Landfill (South) Inc. ("Denver Landfill").  Plaintiffs originally filed their Denver Landfill petition on March 8, 2006. Despite the passage of over five months at the time Plaintiffs filed this Complaint, EPA has not responded to Plaintiffs' petition.

## II.     JURISDICTION, VENUE AND NOTICE

2.

This is a Clean Air Act citizen suit.  Thus this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2), and has authority to award attorney fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act is a federal statutes. Thus this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. § 1331 (federal question).  Defendant Stephen Johnson is an officer of the United States.  An actual controversy exists between the parties.  This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930.  Thus this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201.   If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorney fees.

3.

A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.   In addition, Defendant Steven Johnson officially resides in the District of Columbia.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

4.

On May 22, 2006, Plaintiffs mailed a letter via certified first-class mail to Defendant Stephen L. Johnson stating that Plaintiffs intended to sue Defendant for failure to respond to Plaintiffs' petition for an objection to the Denver Landfill Title V permit within 60 days.  EPA sent Plaintiffs a letter confirming EPA received Plaintiffs' letter dated May 22, 2006 on May 30, 2006.

5.

More than 60 days have passed since Defendant received Plaintiffs' notice of intent to sue letter.  Defendant has not acted to remedy the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

### III.    PARTIES

6.

Plaintiff ROCKY MOUNTAIN CLEAN AIR ACTION ("Clean Air Action") is a non-profit corporation with its headquarters in Denver, Colorado.  Clean Air Action is actively involved in environmental protection advocacy as part of its mission to protect clean air in Colorado and the surrounding Rocky Mountain region for the health and sustainability of local communities.  As one method of achieving its organizational mission, Clean Air Action participates in permitting procedures for facilities that emit pollution.  Clean Air Action provided comments on the Denver Landfill Title V permit.  Clean Air Action's organizational interest in participating in and influencing the permit decision making process is injured by EPA's failure to respond to Clean Air Action's Denver Landfill petition.

7.

Clean Air Action's members and volunteers live, work, recreate, garden and engage in economic activities in and around Metro-Denver, and will continue to do so on a regular basis in the future. As a result, Clean Air Action's members and volunteers breathe air and recreate in an environment containing pollutants released by Denver Landfill.  Emissions from Denver Landfill are causing harm to their health and to the ecosystems in which they live, work and recreate, and will continue to do so in the future.  Because Defendant has not responded to their petition, Clean Air Action's members and volunteers cannot be certain that Denver Landfill's Title V permit conforms with the Clean Air Act's requirements.   EPA's failure to respond thus prevents Clean Air Action's members and volunteers from being certain that the Denver Landfill Title V permit protects them from exposure to pollutants emitted by that facility which are in excess of legal limits.

8.

Plaintiff JEREMY NICHOLS is a resident of Denver Colorado who is an avid bicyclist, outdoor enthusiast, and father of a four year old son.  Mr. Nichols is deeply concerned about air quality and its effects on the health and welfare of people, plants, and animals.

9.

Mr. Nichols is adversely affected by EPA's failure to respond to the petition.  Denver Landfill adversely affects, and will continue to do so on a regular basis, the air that Mr. Nichols and his son breathe by releasing nitrogen oxides, volatile organic compounds, and other pollutants.  EPA has identified these pollutants as threats to human health and welfare.

10.

Mr. Nichols' interest in protecting the air that he and his son breathe, in bicycling and recreating in a healthy environment, and in protecting clean air for other people, plants, and animals are adversely affected by EPA's failure to timely respond to his petition. Moreover, if the Denver Landfill Title V permit does not comply with the Clean Air Act, Mr. Nichols will be exposed to pollutants from that facility which are in excess of legal levels. EPA's failure to respond thus prevents Mr. Nichols from being certain that the Denver Landfill Title V permit protects him from exposure to pollutants emitted by that facility which are in excess of legal limits.

11.

For the foregoing reasons, EPA's failure to respond to Plaintiffs' petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries, which are traceable to EPA's failure to act and will be redressed by EPA's action.

12.

Defendant STEPHEN L. JOHNSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Plaintiffs' petition within 60 days.

## IV.  LEGAL BACKGROUND

### Title V

13.

The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources."  42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments to the Clean Air Act created an operating permit program that applies to all major sources of air pollution – the Title V permit program.  See 42 U.S.C. §§ 7661-7661f.

14.

A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to a source of emissions.  *See* New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003).  Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit.  42 U.S.C. § 7661a(a).

15.

The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders.  42 U.S.C. § 7661a(d).  The Administrator approved Colorado's Title V permit program.  65 Fed. Reg. 49,919 (Aug. 16, 2000).   The Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") is responsible for issuing Title V permits in Colorado.

16.

Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA.  42 U.S.C. §

7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). However, EPA does not review most Title V permits forwarded to it by state permitting agencies.

17.

After EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

18.

Once it receives a petition for objection to a proposed Title V permit, EPA must grant or deny that petition within 60 days. Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

## VI. STATEMENT OF FACTS

### BACKGROUND

19.

Denver Regional Landfill (South) Inc. ("Denver Landfill") is a municipal solid waste landfill located in Erie, Weld County, Colorado. Denver Landfill is located within 100 kilometers of the Rocky Mountain National Park and the Rawah Wilderness Area, which are Federal Class I areas.

20.

Denver Landfill emits volatile organic compounds, hazardous air pollutants including mercury, particulate matter, sulfur dioxide and nitrogen oxides.

21.

Colorado APCD issued a draft Title V operating permit to Denver Landfill (Permit No. 03OPWE254) and granted the public a 30- day period to comment on this draft permit.

22.

Plaintiffs submitted written comments on the Denver Landfill Title V permit to Colorado APCD on July 29, 2005 and December 9, 2005.

23.

Colorado APCD subsequently proposed the Denver Landfill Title V permit to EPA for review on December 28, 2005.

24.

EPA did not object on its own initiative to the Denver Landfill Title V permit during its 45-day review period. This 45-day period expired on or around February 11, 2006.

25.

Pursuant to 42 U.S.C. § 7661d(b)(2), Plaintiffs thus had until on or around April 11, 2006, to petition EPA for an objection to the permit. EPA received Plaintiffs' petition for an objection to the permit on no later than March 17, 2006.

26.

The petition raised four issues with respect to the Denver Landfill Title V permit; (1) insufficient public comment procedures, (2) failure to ensure compliance with new source performance standards, (3) inadequacies in startup, shutdown and malfunction plan requirements for hazardous air pollutants and (4) flaws in APCD's analysis of the emission limitations' impacts on ambient air quality. Each of Plaintiffs' four arguments was raised with reasonable specificity in Plaintiffs' comments to Colorado APCD during the initial public comment period.

27.

EPA had until no later than May 16, 2006 to grant or deny the Denver Landfill Title V petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within the statutory period. EPA still has not granted or denied the petition as of date of filing this Complaint.

## VII.  CLAIM FOR RELIEF

FAILURE TO RESPOND TO PLAINTIFFS' DENVER LANDFILL PETITION FOR OBJECTION

(42 U.S.C. § 7661d(b)(2))

28.

Each allegation set forth in the Complaint is incorporated herein by reference.

29.

EPA has a mandatory duty to respond within 60 days to Plaintiffs' petition requesting that EPA object to the Denver Landfill Title V Operating Permit pursuant to 42 U.S.C. § 7661d(b)(2)("The Administrator shall grant or deny such petition within 60 days after the petition is filed.").

30.

It has been more than 60 day since EPA received Plaintiffs' petition requesting EPA object to the Denver Landfill Title V permit.

31.

Defendant has not granted or denied the petition.

32.

Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

33.

Therefore, EPA has violated, and remains in violation of, its non-discretionary duty to grant or deny Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

A)  Declare that Defendant's failure to grant or deny Plaintiffs' petition for an objection to the Denver Landfill Title V permit constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of 42 U.S.C. § 7604(a)(2);

B)  Order the Defendant to grant or deny Plaintiffs' petition for an objection to the Denver Landfill Title V permit in accordance with an expeditious schedule prescribed by the Court;

C)  Retain jurisdiction over this action to ensure compliance with the Court's Order;

D)  Award Plaintiffs their costs of litigation, including reasonable attorney fees; and

E)  Grant such other relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                __/s/_____

                                                Robert Ukeiley (MD14062)
                                                Law Office of Robert Ukeiley
                                                433 Chestnut Street
                                                Berea, KY 40403
                                                Tel: (859) 986-5402
                                                Fax: (859) 986-1299
                                                E-mail: rukeiley@igc.org

                                                Counsel for Plaintiffs

DATED:  August 10, 2006