UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION, et al., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, in his official capacity as Administrator, United States Environmental Protection Agency, <br><br> Defendant. | Civ. No. 1:06-cv-1419 (RMC) |

**DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant Stephen L. Johnson, in his official capacity as Administrator, United States Environmental Protection Agency ("EPA"), answers the allegations in Plaintiffs Rocky Mountain Clean Air Action and Jeremy Nichols' First Amended Complaint as follows:

1.  The first sentence of Paragraph 1 characterizes this action and thus requires no response. The second sentence of Paragraph 1 states a legal conclusion regarding the Clean Air Act ("CAA"), to which no response is required. To the extent the allegations are inconsistent with that statute, they are denied. In response to the allegations in the third and fifth sentences of Paragraph 1, EPA denies Plaintiffs' allegations regarding the Denver Regional Landfill (South), and admits that, as of the date of filing this answer, the Administrator has neither granted nor denied Plaintiffs' petition seeking objection to the CAA operating permit for the Pope and Talbot, Inc. lumber mill in Spearfish, South Dakota. The fourth sentence of Paragraph 1 characterizes Plaintiffs' petitions regarding the Denver Landfill permit and Pope and Talbot permit, which speak for themselves and are the best evidence of their contents. To the extent the

allegations in the fourth sentence of Paragraph 1 are inconsistent with Plaintiffs' petitions, they are denied.

    2.    The first sentence of Paragraph 2 characterizes this action and thus requires no response. The second sentence of Paragraph 2 states a legal conclusion regarding the CAA, to which no response is required. EPA admits the allegations in the third sentence of Paragraph 3. The fourth sentence of Paragraph 2 states a legal conclusion regarding the federal question statute, 28 U.S.C. § 1331, to which no response is required. The fifth sentence of Paragraph 2 states a legal conclusion and thus requires no response. The sixth sentence of Paragraph 2 characterizes this action and thus requires no response. The seventh and eighth sentences of Paragraph 2 state legal conclusions regarding the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to which no response is required.

    3.    EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 3, and on that basis, the allegations are denied. In response to the second sentence of Paragraph 3, EPA admits that Defendant Stephen Johnson is an officer of an agency of the United States and that Defendant has an office that is located in the District of Columbia. The third sentence of Paragraph 3 states a legal conclusion, to which no response is required.

    4.    The first sentence of Paragraph 4 characterizes a May 22, 2006 letter that Plaintiffs prepared and sent to the Administrator. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of Paragraph 4 are inconsistent with the May 22, 2006 letter, they are denied. The second sentence of Paragraph 4 characterizes a May 30, 2006 letter EPA prepared and sent to Plaintiffs. The letter speaks for

itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 4 are inconsistent with the May 30, 2006 letter, they are denied.

     5.     The first sentence of Paragraph 5 characterizes a June 16, 2006 letter Plaintiffs prepared and sent to the Administrator. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence in Paragraph 5 are inconsistent with the June 16, 2006 letter, they are denied. The second sentence of Paragraph 5 characterizes a delivery confirmation notice received by Plaintiffs. The notice speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 5 are inconsistent with the notice, they are denied.

     6.     EPA admits the allegations contained in the first sentence of Paragraph 6. EPA denies the allegations contained in the second and third sentences of Paragraph 6.

     7.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis, the allegations are denied.

     8.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis, the allegations are denied.

     9.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis, the allegations are denied.

     10.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, the allegations are denied.

     11.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis, the allegations are denied.

     12.     EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis, the allegations are denied.

13. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis, the allegations are denied.

14. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis, the allegations are denied. In addition, Paragraph 14 states conclusions of law, to which no response is required.

15. EPA admits the allegations contained in the first sentence Paragraph 15. In response to the second sentence of Paragraph 15, EPA admits that the Administrator is responsible for implementing the Clean Air Act, which includes responding to citizen petitions. The remaining allegations of Paragraph 15 state conclusions of law to which no response is required.

16. Paragraph 16 characterizes the CAA, which speaks for itself and is the best evidence of its contents. To the extent Paragraph 16 is inconsistent with the CAA, the allegations are denied.

17. Paragraph 17 states legal conclusions to which no response is required.

18. The first sentence of Paragraph 18 states legal conclusions to which no response is required. The second sentence of Paragraph 18 characterizes a Federal Register notice, 65 Fed. Reg. 49,919 (Aug. 16, 2000), which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second sentence of Paragraph 18 are inconsistent with the cited Federal Register notice, they are denied. EPA admits the third sentence of Paragraph 18. The fourth sentence of Paragraph 18 characterizes a Federal Register notice, 61 Fed. Reg. 2720 (Jan. 29, 1996), which speaks for itself and is the best evidence of its contents. To the extent the allegations in the fourth sentence of Paragraph 18 are inconsistent with the cited Federal Register notice, they are denied. EPA admits the allegation in the fifth sentence of Paragraph 18.

19. The first, second, and third sentences of Paragraph 19 state legal conclusions to which no response is required. The term "most" as used in the fourth sentence of Paragraph 19 represents a value judgment to which no response is required. EPA also possesses insufficient knowledge or information to form an opinion as to the accuracy of that judgment, and on that basis, denies the allegation.

20. Paragraph 20 states legal conclusions to which no response is required.

21. Paragraph 21 states legal conclusions to which no response is required.

22. EPA admits the allegations in Paragraph 22.

23. EPA admits that the Denver Landfill emits volatile organic compounds, particulate matter, sulfur dioxide, nitrogen oxides and hazardous air pollutants. EPA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. EPA admits the allegations in Paragraph 24.

25. In response to the allegations contained in Paragraph 25, EPA admits that Plaintiffs prepared and submitted written comments on the Denver Landfill permit to the Colorado Air Pollution Control Division. The written comments speak for themselves and are the best evidence of their contents.

26. EPA admits the allegations contained in Paragraph 26

27. In response to the allegations in Paragraph 27, EPA admits that it did not object to the Denver Landfill Title V permit. To the extent Paragraph 27 contains conclusions of law, no response is required.

28. The first sentence of Paragraph 28 contains conclusions of law, to which no response is required. EPA admits the second sentence of Paragraph 28.

29.     The first sentence of Paragraph 29 characterizes Plaintiffs' petition with respect to the Denver Landfill Title V permit, which speaks for itself. To the extent the characterization contained in the first sentence of Paragraph 29 is inconsistent with Plaintiffs' petition, EPA denies the allegation. EPA denies the allegations in the second sentence of Paragraph 29.

30.     The first sentence of Paragraph 30 states conclusions of law to which no response is required. In response to the second and third sentences of Paragraph 30, EPA admits that the Administrator signed the final Order denying Plaintiffs' petition regarding the Denver Landfill Title V permit on December 22, 2006.

31.     EPA admits the allegations contained in Paragraph 31.

32.     EPA admits the allegations contained in Paragraph 32.

33.     In response to the allegations in Paragraph 33, EPA admits that Plaintiffs prepared and submitted written comments on the Pope and Talbot Title V permit to the South Dakota Department of Environment and Natural Resources ("DENR"). The written comments speak for themselves and are the best evidence of their contents.

34.     EPA admits the allegations contained in Paragraph 34.

35.     In response to Paragraph 35, EPA admits that it did not object to the Pope and Talbot title V permit. To the extent Paragraph 27 contains conclusions of law, no response is required.

36.     The first sentence of Paragraph 36 states a legal conclusion regarding the CAA, to which no response is required. EPA admits the allegations in the second sentence of Paragraph 36.

37.     Paragraph 37 characterizes Plaintiffs' petition for EPA to object to the Pope and Talbot Title V permit and Plaintiffs comments on the Pope and Talbot Title V permit proposed

by the South Dakota DENR, which documents speak for themselves. To the extent the characterizations in Paragraph 37 are inconsistent with the referenced documents, EPA denies the allegations.

38. The first sentence of Paragraph 38 states a legal conclusion regarding the CAA, to which no response is required. In response to the remaining allegations in Paragraph 38, EPA admits that it has neither granted nor denied the Pope and Talbot Title V petition as of the date of filing this answer.

### FIRST CLAIM FOR RELIEF

39. EPA incorporates its responses to Paragraphs 1-38.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent Paragraph 40 characterizes the CAA, and to the extent that characterization is inconsistent with the CAA itself, EPA denies the allegation.

41. EPA admits that as of the date of filing this answer more than 60 days has passed since EPA received Plaintiffs' petition requesting EPA to object to the Denver Landfill Title V permit.

42. EPA denies the allegations contained in Paragraph 42.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent Paragraph 43 characterizes the CAA, and to the extent that characterization is inconsistent with the CAA itself, EPA denies the allegation.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent Paragraph 44 characterizes the CAA, and to the extent that characterization is inconsistent with the CAA itself, EPA denies the allegation.

## SECOND CLAIM FOR RELIEF

45. EPA incorporates its responses to Paragraphs 1-44.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent Paragraph 46 characterizes the CAA, and to the extent that characterization is inconsistent with the CAA itself, EPA denies the allegation.

47. EPA admits that as of the date of filing this answer more than 60 days has passed since EPA received Plaintiffs' petition requesting EPA to object to the Pope and Talbot Title V permit.

48. EPA admits the allegations contained in Paragraph 48.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent Paragraph 49 characterizes the CAA, and to the extent that characterization is inconsistent with the CAA itself, EPA denies the allegation.

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth prayers for relief and requires no response. To the extent a response to any allegations is required, the allegations are denied.

## GENERAL DENIAL

Defendant denies any allegations of the First Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified.

## AFFIRMATIVE DEFENSES

EPA pleads the following affirmative defenses to the claims made in the Complaint:

A. The court lacks subject matter jurisdiction over some or all of the claims.

WHEREFORE, the Defendant EPA requests that this action be dismissed with prejudice, that judgment be entered in its favor and against the Plaintiffs, and that the Court grant such other and further relief as is appropriate.

|  | Respectfully submitted, |
|---|---|
|  | SUE ELLEN WOOLDRIDGE<br>Assistant Attorney General<br>Environment and Natural Resources Division |
|  |  |
|  |   s/ *Jessica O'Donnell* |
| OF COUNSEL: | JESSICA O'DONNELL  (D.C. Bar #473166) |
| Jan Tierney | Environmental Defense Section |
| Sheila Igoe | U.S. Department of Justice |
| Office of General Counsel | P.O. Box 23986 |
| United States Environmental Protection Agency | Washington, D.C. 20026-3986<br>Telephone: (202) 305-0851 |
| Ariel Rios Building | E-mail: jessica.odonnell@usdoj.gov |
| 1200 Pennsylvania Avenue, N.W. | Street address: |
| Washington, D.C. 20460 | 601 D Street, NW, Suite 8000<br>Washington, D.C. 20004 |

Dated: January 8, 2006.