IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION and JEREMY NICHOLS,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEPHEN L. JOHNSON,<br><br>    Defendant. | Civil No. 1:06-cv-01419-RMC |

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR SECOND CLAIM AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiffs Rocky Mountain Clean Air Action ("RMCAA") and Jeremy Nichols move for judgment on the pleadings as to their second claim for relief.[1] Plaintiffs' second claim is a straightforward "missed deadline" claim against a federal agency that has ignored a statutory deadline. The Clean Air Act sets a mandatory deadline for Defendant Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA"), to grant or deny a Petition for

---

[1] Although Plaintiffs seek Judgment on the Pleadings, to the extent that the Court believes a Motion for Summary Judgment is the more appropriate motion on which to determine Defendant's liability and the proper remedy, Plaintiffs request that the Court treat the instant motion as a Motion for Summary Judgment. See Fed. R. Civ. P. 12(c)("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); Summers v. Howard University, 127 F. Supp. 2d 27, 31 n.10 (D.D.C. 2000) (converting motion for judgment on the pleadings, *sua sponte*, into motion for summary judgment).

Objection to a proposed Title V permit. 42 U.S.C. § 7661d(b)(2). EPA admits it has failed to meet this obligation with regard to Plaintiffs' Petition seeking an Objection to a Clean Air Act operating permit for the to Pope and Talbot, Inc. lumber mill ("Pope and Talbot") in Spearfish, South Dakota.[2] Accordingly, Plaintiffs' Motion for Judgment on the Pleadings should be granted.

## II.     JURISDICTION AND STANDING

Plaintiffs are entitled to judicial review because they challenge EPA's failure to perform a non-discretionary duty required by the Clean Air Act. See 42 U.S.C. § 7604(a). The Court has jurisdiction over this action because it arises under the Clean Air Act and its citizen suit provision, 42 U.S.C. § 7604(a)(2), and raises a federal question, 28 U.S.C. § 1331.

Plaintiff Jeremy Nichols has standing to bring this suit because EPA's failure to respond to the Petition for Objection to Pope and Talbot's Title V Permit has caused, is causing, and unless this Court grants the requested relief, will continue to cause him concrete injuries, which are traceable to Defendant's failure to act and will be redressed by Defendant's action. See Ex. 1, Affidavit of Jeremy Nichols.[3] Plaintiff Rocky Mountain Clean Air Action has standing to bring this suit on behalf of its members because: (1) its members have standing to sue in their

---

[2] Plaintiffs are moving for judgment only as to their Second Claim for Relief because the Administrator took action with regard to Plaintiffs' Petition for an Objection to the Denver Landfill Title V Permit on December 22, 2006, which is the subject of Plaintiffs' First Claim for Relief. Once that decision is published in the Federal Register, Plaintiffs will move to dismiss their First Claim for Relief except as to costs and attorney fees.

[3] Plaintiffs' use of affidavits is limited solely to the issue of standing. In its Answer, EPA did not dispute Plaintiffs' standing allegations but merely denied them because Defendant lacked sufficient knowledge or information to form a belief as to the truth of the allegations. See Defendant's Answer to First Amended Complaint, ¶¶ 7, 9, 12, 13, and 14. The D.C. Circuit has acknowledged that standing is treated differently from other issues in terms of when evidence can be presented. See e.g. Sierra Club v. EPA, 292 F.3d 895, 900 (D.C. Cir. 2002).

own right; (2) the interests at stake are germane to RMCAA's organizational purpose; and (3) neither the claim asserted nor the relief requested requires the RMCAA's members to participate directly in the lawsuit.  See Ex. 1, Affidavit of Jeremy Nichols and Ex. 2, Affidavit of Eric Bonds.  See also Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977).

### III.   THE CLEAN AIR ACT

The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources."  42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments to the Clean Air Act created an operating permit program that applies to all major sources of air pollution – the Title V permit program.  See 42 U.S.C. §§ 7661-7661f.

A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to a source of emissions.  See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003).  Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit.  42 U.S.C. § 7661a(a).

The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders.  42 U.S.C. § 7661a(d).  The South Dakota Department of Environment and Natural Resources ("DENR") is responsible for issuing Title V operating permits in South Dakota.  See First Amended Complaint, ¶ 18, fifth sentence; Defendant's Answer to First Amended Complaint, ¶ 18, fifth sentence.

> Title V of the CAA requires the EPA Administrator (the "Administrator") to object to permits issued by state permitting authorities which are not in

3

compliance with CAA requirements. *42 U.S.C. § 7661d*(b)(1). If the Administrator does not object to the issuance of a permit, then any person may petition the Administrator to take such action, and the Administrator must grant or deny such petition within sixty days after the petition is filed. *42 U.S.C. § 7661d*(b)(2). The CAA allows any person to bring a "citizen's suit" "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator ...." *42 U.S.C. § 7604*(a)(2).

New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002)("NYPIRG").

## IV.  ARGUMENT

### A. Defendant is liable under the Clean Air Act for his failure to grant or deny Plaintiffs' Petition seeking an objection to the Pope and Talbot Title V permit.

A motion for judgment on the pleadings is appropriate when "the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." Peters v. National R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992) (internal quotations omitted). Here, Plaintiffs are entitled to judgment on the pleadings because EPA's Answer admits liability on Plaintiffs' Clean Air Act claim. 42 U.S.C. § 7661d(b)(2) establishes a mandatory 60 day deadline for responding to Title V petitions. NYPIRG, 214 F.Supp.2d at 1,2. EPA admits that it failed to adhere to this deadline with respect to Plaintiffs' Petition for Objection to the Pope and Talbot Title V Permit. Specifically, EPA admits that more than sixty days have passed since it received Plaintiffs' Petition for Objection to the Pope and Talbot Title V Permit. See First Amended Complaint For Injunctive and Declaratory Relief, ¶ 47; Defendant's Answer to First Amended Complaint ¶ 47. EPA further admits that it has not granted or denied the petition. See First Amended Complaint For Injunctive and Declaratory Relief, ¶ 48; Defendant's Answer To First Amended Complaint ¶ 48. Accordingly, the Court

4

should enter judgment on the pleadings for the Defendant's admitted violation of its mandatory duty to respond to Plaintiffs' Petition within 60 days.

> **B. The Court should issue an order requiring the Administrator to grant or deny Plaintiffs' Petition for Objection to the Pope and Talbot Title V Permit within ten working days from the date of the Court's Order.**

Plaintiffs respectfully request that the Court require EPA to grant or deny their Petition within ten working days of the date of the Court's order on this Motion. A ten working day timeframe is appropriate because Plaintiffs' petitioned EPA on April 6, 2006, over nine months ago, and filed their First Amended Complaint requesting a response to their Petition for Objection to Pope and Talbot's Title V Permit over four months ago. If this Court grants Plaintiffs' requested relief, EPA will be allowed no less than two hundred and ninety-two days to accomplish a task for which the statute grants it sixty. While Plaintiffs are entitled to a response within sixty days of submitting their Petition, since that deadline has come and gone almost five times over, this Court should impose an expeditious schedule.

## V. CONCLUSION

Therefore, for the reasons explained above Plaintiffs respectfully request that the Court grant its Motion for Judgment on the Pleadings and order EPA to grant or deny Plaintiffs' Petition for Objection to Pope and Talbot's Title V Permit within ten working days of the date of the Court's Order.

Respectfully submitted,

\_\_\_/s_____
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Tel: (859) 986-5402
Fax: (859) 986-1299

E-mail: rukeiley@igc.org

Counsel for Plaintiffs

DATED:  January 11, 2007